UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BRUCE TERRELL DAVIS,<br><br>         Plaintiff,<br><br>v.<br><br>JAMES M. HERNANDEZ and<br>MICHAEL S. MURPHY,<br><br>         Defendants. | Case No. 13-CV-628-JPS<br><br><br><br>ORDER |

  Plaintiff Bruce Terrell Davis, an inmate of the State of Wisconsin who proceeds *pro se*, brings this action under 42 U.S.C. § 1983 against two officers of the City of Milwaukee's Police Department alleging various deprivations of rights secured by the Constitution. (Docket #1).

  Upon screening pursuant to 28 U.S.C. § 1915A, the Court: (i) dismissed the City of Milwaukee Police Department as a defendant in this case; and (ii) found that Plaintiff may proceed on each of his three claims against Officers Hernandez and Murphy. (Docket #8).

  Over two months after the Court issued its screening order and nearly two weeks after the defendants filed and served their answer (Docket #s 14 and 15), Plaintiff appears to seek leave to amend his complaint to add a fourth claim: conspiracy. (Docket #16).

  The Court observes that Plaintiff's proposed amended complaint (Docket #16-1) does not conform to Civil Local Rule 9(b):

> Prisoners appearing pro se who commence an action under 42 U.S.C. § 1983 for deprivations of federal rights by persons acting under color of state law must file the complaint with the Clerk of Court *using the form available from the Court.* The Clerk of Court will provide the forms and directions for their preparation without charge.

(Emphasis added). On that basis alone, Plaintiff's motion will be denied.

Plaintiff is hereby warned: his proposed fourth claim (conspiracy) is exceedingly prolix rather than the "short and plain statement" required under Fed. R. Civ. P. 8(a)(2).

> A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation. *See 2A Moore's Federal Practice* § 8.13 at 8-58 (noting that Rule 8 compliance allows a defendant to answer the complaint, and that Rule 8 prevents problems with conducting pretrial discovery, formulating pretrial orders, and applying res judicata); *see also Michaelis v. Nebraska State Bar Assoc.*, 717 F.2d 437, 439 (8th Cir. 1983) (affirming dismissal with prejudice of needlessly prolix and confusing complaint because "the style and prolixity of these pleadings would have made an orderly trial impossible").

*Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 775-776 (7th Cir. 1994).

Here, the Court observes a stark stylistic difference between Plaintiff's original complaint and his proposed amended complaint. *Compare* (Docket #s 1 and 16-1). Perhaps this represents a change in tactic or the enlistment of (new) jailhouse counsel. Regardless, the Court would be obliged to dismiss Plaintiff's proposed fourth claim as prolix under Fed. R. Civ. P. 8(a)(2).

The Court also warns Plaintiff that an amended complaint supersedes a prior complaint, so any matters not set forth in the amended complaint are, in effect, withdrawn. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84,* 133 F.3d 1054, 1057 (7th Cir. 1998).

Accordingly,

IT IS ORDERED that Plaintiff's motion to amend his complaint (Docket #16) be and the same hereby is DENIED.

Dated at Milwaukee, Wisconsin, this 26th day of November, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge